Paul W. Garrity
Matthew D. Marcotte
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York NY 10178
(212) 808-7800
Attorneys for Plaintiff

**ECF CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE CASTEL**

| | |
|---|---|
| WEBB COMMUNICATIONS, INC., | CASE NO. **07 CIV 6701** |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| FAITH HOPE CONSOLO and DOUGLAS ELLIMAN REALTY LLC, D/B/A PRUDENTIAL DOUGLAS ELLIMAN. | |
| Defendants. | |



JUL 2 5 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, WEBB COMMUNICATIONS, INC., as and for its Complaint against the above-named defendants alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

### THE PARTIES

1. Plaintiff Webb Communications, Inc. ("Webb") is a New Jersey corporation with its principal place of business located at 915 Broadway, Suite 1005, New York NY 10010.

2. Upon information and belief, defendant Douglas Elliman Realty LLC, D/B/A Prudential Douglas Elliman ("PDE") is a Limited Liability Company organized and existing under the laws of the State of New York with a place of business located at 575 Madison Avenue, New York NY 10022.

3. Upon information and belief, defendant Faith Hope Consolo ("Consolo") is an individual citizen of New York, who is the Chairman of PDE's Retail Leasing and Sales Division, with a place of business located at 575 Madison Avenue, New York NY 10022.

## JURISDICTION AND VENUE

4. This is an action for: (i) copyright infringement under the Copyright Act; (ii) conversion under the law of the State of New York, (iii) account stated under the law of the State of New York; (iv) breach of contract under the law of the State of New York; and (v) substantial and related claims of unjust enrichment, unfair business practices, and unfair competition under the common law and the law of the State of New York.

5. This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b) as it involves substantial claims arising under the Copyright Act, combined with substantial and related claims for conversion, breach of contract, account stated, unjust enrichment, unfair business practices, and unfair competition under state law.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) as Consolo and PDE may be found or transact affairs in this District, and the claims alleged arose and are continuing to occur within this District and elsewhere.

## FACTS COMMON TO ALL CLAIMS

7. Webb is a well-established professional website development and marketing company based in New York City, serving clients in the U.S. and Europe. The websites designed by Webb which appear on the World Wide Web are normally presented in Hypertext Markup Language ("HTML") and related "browser-interpreted" coding. The professional coding and design of websites requires substantial creativity and technical knowledge.

8. In late 2004, Defendant Consolo requested that Webb update and host her website at www.faith-consolo.com (the "Consolo/PDE Website") as part of her becoming the head of PDE's Retail Leasing Division. Pursuant to a verbal agreement between the parties, Consolo agreed that the web design and hosting services as invoiced to Consolo and/or PDE by Webb would be paid for. This agreement did not provide for the transfer by Webb to Consolo, PDE, or any other person any copyrights or other intellectual property in the work created by Webb.

9. In reliance on this agreement, Webb commenced work in creating new content and materials to be used for the Consolo/PDE Website. Upon information and belief, the Consolo/PDE Website is the primary online marketing vehicle for promoting retail properties being marketed by PDE's Retail Leasing and Sales Division.

10. Webb's initial design and hosting services for the Consolo/PDE Website were invoiced to PDE at Consolo's direction in December of 2004 and March of 2005, and sums totaling $10,000 were paid by PDE to Webb in satisfaction of those invoices.

11. Thereafter, Webb continued to provide hosting, design, and web development services for the Consolo/PDE Website at the direction of Chairman Consolo and employees of PDE's Retail Leasing and Sales Division. Webb created substantial original content for the Consolo/PDE Website in the form of HTML code and layout, Flash animation, and other related coding (the "Website Content"). The Website Content developed by Webb constitutes copyrightable subject matter pursuant to the Copyright Act.

12. The Website Content was published and publicly available on the Internet, including to Consolo and PDE.

13. The Website Content was registered by Webb with the United States Copyright Office in June 2007 under Reg. No. TX 6-564-604. A copy of the certificate of registration is attached hereto as Exhibit A.

14. Webb owns the Website Content it created and the intellectual property rights in and to the Website Content.

15. No transfer of ownership of any of the Website Content or any intellectual property rights in any of the Website Content was ever made to any individual or entity.

16. While the Website Content was publicly available on the World Wide Web, no individual or entity other than Webb and its employees has ever been authorized to reproduce, duplicate, copy or otherwise to disclose or disseminate any portion of the Website Content, and Webb never intended that either PDE or Consolo copy and distribute the Website Content.

17. Neither Consolo nor PDE ever purchased any of the Website Content or any rights in any of the Website Content, which was developed and owned by Webb.

18. In 2004, 2005, and 2006, PDE timely paid certain invoices totaling $10,809.10 in connection with Webb's web design and hosting services provided in connection with the Consolo/PDE Website relating to site updates completed through March 9, 2005 and site hosting through June 2006. Copies of the invoices and the checks submitted by PDE in payment of those invoices are attached hereto as Exhibit B.

19. However, PDE and Consolo have refused to pay other invoices, covering continuing web design and hosting services in connection with the Consolo/PDE Website. Webb provided such services at the direction of employees of PDE and Consolo in good faith and in a timely and professional manner. As of March 22, 2007, the total amount due and owing for

updates and design work for the Consolo/PDE Website performed through February 2007 and hosting through June 2007 was $73,902.00. These invoices were memorialized in a statement provided to PDE and Consolo on that date, which is attached hereto as Exhibit C.

20. In addition, on April 11, 2007, Webb provided another invoice to PDE and Consolo for services provided in March 2007, totaling $2,280, including updates of the Website Content through March 18, 2007. A copy of this invoice is attached hereto as Exhibit D. No payment has been made on this invoice.

21. Consolo provided repeated assurances that she would provide payment of these invoices in due course, and, on numerous occasions, admitted that these sums are due and owing for Webb's services.

22. As a result of PDE and Consolo's extended non-payment of these invoices for hosting and design services, on or about April 25, 2007, Webb terminated its services as a host for the Consolo/PDE Website, and removed the Website Content from the Internet.

23. After Consolo assured that payments on the sums due and owing would be made by May 11, 2007, on May 4, 2007, Webb, in reliance on those assurances, voluntarily resumed hosting the PDE/Consolo Website and returned the Website Content to the Internet, where it was publicly available.

24. On information and belief, although Consolo assured that she would make payment on the sums due and owing, she never intended to do so. Instead, Consolo and PDE intended to misappropriate the Website Content once it was again publicly available.

25. On information and belief, after Webb voluntarily restored the Website Content to the Internet, Consolo, PDE, and/or their agents copied the Website Content to another

server without Webb's permission, and secured alternative hosting services for the PDE/Consolo Website.

26. Despite Consolo's assurance that payments would be made by May 11, 2007, no such payments were made. Rather than making payment of the sums due and owing, on May 9, 2007, Consolo instructed the registrar of the www.faith-consolo.com domain to redirect traffic to a host other than Webb. Consolo, PDE, and/or their agents provided a full copy of the Website Content to the new hosting service without the consent, authorization, or license of Webb.

27. Webb has promptly given notice of its objection to this unauthorized copying of the Website Content by filing this complaint.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

28. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 27 as though fully set forth herein.

29. Upon information and belief, commencing on May 10, 2007 and continuing to date, defendants have willfully and continuously infringed Webb's copyrights to the Website Content by copying, reproducing, and modifying the Website Content and creating works derivative of them and/or by causing the Website Content to be copied, reproduced, and modified and causing works derivative of the Website Content to be created.

30. Webb forewarned defendants that copying and continuing to make use of the Website Content and creating works derivative of the Website Content would have serious legal implications.

31. Defendants' infringement of the Website Content continues to occur despite actual notice and full knowledge of Webb's prior rights therein.

32. Defendants' unlawful infringement of the software programs is willful as a matter of law.

33. By reason of defendants' intentional and willful infringement of the Website Content, Webb has been and will continue to be irreparably harmed unless defendants are preliminarily and permanently enjoined from continuing their unlawful conduct.

34. Webb has been damaged by defendants' acts complained of herein in an amount not yet known, but believed to be in excess of $1,000,000.00.

35. Pursuant to 17 U.S.C. § 505, Webb is additionally entitled to an award in the amount of at least $200,000.00 for defendants' willful infringement.

36. Pursuant to 17 U.S.C. § 505, Webb is additionally entitled to the costs of this action, including a reasonable attorney's fee.

37. Webb has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## CONVERSION

38. Webb repeats and realleges the allegations in paragraphs 1 through 37 as though fully set forth herein.

39. Webb alone has title to the Website Content which it developed for PDE and Consolo and has the sole right to possess the Website Content.

40. Defendants are wrongfully in possession of the Website Content and have willfully and without justification converted the Website Content to their own use.

41. The Website Content is invaluable because its use by defendants enables PDE and Consolo to conduct their business.

42. Because of defendants' actions, plaintiffs have been damaged in an amount not yet known, but believed to be in excess of $1,000,000.00.

### THIRD CLAIM FOR RELIEF

### ACCOUNT STATED

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 above as though fully set forth herein.

44. Defendants received and accepted the aforesaid web design and hosting services (the "Services") and invoices related thereto without objection but have failed to make payment on such invoices.

45. Plaintiff has duly demanded payment.

46. By reason of the foregoing, Defendants are liable to Plaintiff in the amount of $76,182.00, plus statutory interest.

### FOURTH CLAIM FOR RELIEF

### BREACH OF CONTRACT

47. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 46 above as though fully set forth herein.

48. By electronic mail and other forms of request (the "Requests For Services"), Defendants placed orders with Plaintiffs for the Services.

49. Plaintiff performed all its obligations under the Requests for Services, which performance was accepted by Defendants.

50. There is justly due and owing Plaintiff $76,182.00 on the Requests for Services.

51. By reason of the foregoing, Defendants are liable to Plaintiff in the amount of $76,182.00, plus statutory interest.

## FIFTH CLAIM FOR RELIEF

## UNJUST ENRICHMENT

52. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 51 above as though fully set forth herein.

53. Plaintiff has delivered the Services to Defendant in good faith with the reasonable expectation of payment.

54. Defendants accepted the Services from Plaintiff.

55. Defendants have not made payment for said Services.

56. The reasonable value of the Services is $76,182.00.

57. By reason of the foregoing, Defendants are liable to Plaintiff in the amount of $76,182.00, plus statutory interest.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF NY GBL § 349

58. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 57 with the same force and effect as if here fully set forth.

59. Defendants' foregoing acts constitute deceptive acts and business practices of a recurring nature and have caused, and will continue to cause, injury to the public at large, as well as Plaintiff, in violation of New York General Business Law § 349.

60. Defendants' violation of New York General Business Law § 349 has caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

61. Defendants have engaged and continue to engage in this activity knowingly, deliberately, and willfully, so as to justify the assessment of increased and punitive damages against them, in an amount to be determined at the time of trial.

62. The aforesaid acts of Defendants have caused, and unless said acts are restrained by this Court, will continue to cause Plaintiff to suffer irreparable injury.

63. Plaintiff has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

## COMMON LAW UNFAIR COMPETITION

64. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 63 of the Complaint as though set forth again in full.

65. The aforesaid acts of Defendants constitute unfair competition in violation of Plaintiff's rights under the common law of the State of New York and the other States of the Union.

66. The acts of Defendants have caused and, unless such acts are restrained by this Court, will continue to cause Plaintiff irreparable injury.

67. Plaintiff has no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests the following relief:

On the First Claim For Relief:

   A) an order providing that Defendants, their agents, servants, employees, and all persons acting by, through or in active concert with any of them, be preliminarily and permanently enjoined from utilizing, copying, reproducing, modifying, or creating works derivative of the Website Content developed by Webb for Defendants or in any other manner infringing Webb's copyrights thereto;

   B) a judgment against Defendants for damages as appropriate for each infringement pursuant to 17 U.S.C. section 504; and

   C) a judgment against Defendants for their willful conduct and for the costs of this action, including a reasonable attorney's fee, pursuant to 17 U.S.C. section 505.

  On the Second Claim For Relief, a judgment against Defendants for damages in an amount to be determined at trial.

  On the Third Claim For Relief, a judgment against Defendants for damages in an amount to be determined at trial.

  On the Fourth Claim For Relief, a judgment against Defendants for damages in an amount to be determined at trial.

  On the Fifth Claim For Relief, a judgment against Defendants for damages in an amount to be determined at trial.

  On the Sixth Claim For Relief:

   A) an injunction against Defendants' further violation of NY GBL § 349; and

   B) a judgment against Defendants for damages in an amount to be determined at trial.

  On the Seventh Claim For Relief:

    A)     an injunction against Defendants' further acts of unfair competition in violation of the common law; and

    B)     a judgment against Defendants for damages in an amount to be determined at trial.

On all Claims For Relief, such other and further relief as the court deems proper;

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims.

Dated: July 25, 2007

KELLEY DRYE & WARREN LLP

_/s/ Paul W. Garrity_
Paul W. Garrity
Matthew D. Marcotte
101 Park Avenue
New York, NY 10178
(212) 808-7800

Attorneys for Plaintiff
Webb Communications, Inc.