```
Jeffrey E. Jacobson (JEJ 1199)
Bruce E. Colfin (BEC 5815)
Jacobson & Colfin, P.C.
60 Madison Avenue, Suite 1026
New York, NY  10010
(212) 691-5630
Attorneys for Defendant
FAITH HOPE CONSOLO
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
WEBB COMMUNICATIONS, INC.           :
                                    :
            Plaintiff,              : Index No. 07 CV 6701 (PKC)
                                    :
     - against -                    :
                                    :
                                    : ANSWER WITH COUNTERCLAIMS
FAITH HOPE CONSOLO and DOUGLAS      
ELLIMAN REALTY LLC, D/B/A           :
PRUDENTIAL DOUGLAS ELLIMAN,         :
                                    :
            Defendants.             :
------------------------------------X

Defendant FAITH HOPE CONSOLO, by her attorneys Jacobson & Colfin, P.C., as and for her Answer to the Plaintiff's Complaint states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the complaint.

3. Admits the allegations in paragraph 3 of the  complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the complaint.

8. Denies the allegations of paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint.

11. Denies the allegations of paragraph 11 of the complaint.

12. Admits the allegations of paragraph 12 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the complaint except Admits Exhibit "A" is attached.

14. Denies the allegations of paragraph 14 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint.

18. Admits paying certain invoices but denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the complaint.

19. Denies the allegations of paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint.

21. Denies the allegations in paragraph 21 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the complaint.

24. Denies the allegations of paragraph 24 of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the complaint.

27. Denies the allegations of paragraph 27 of the complaint.

28. Repeats and realleges the answers to 1 through 27 as if fully set forth herein.

29. Denies the allegations in paragraph 29 of the complaint

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the complaint.

31. Denies the allegations in paragraph 31 of the complaint.

32. Denies the allegations of paragraph 32 of the complaint.

33. Denies the allegations in paragraph 33 of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the complaint.

35. Denies the allegations of paragraph 35 of the complaint.

36. Denies the allegations of paragraph 36 of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the complaint.

38. Repeats and realleges the answers to 1 through 37 as if fully set forth herein.

39. Denies the allegations in paragraph 39 of the complaint.

40. Denies the allegations of paragraph 40 of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the complaint.

42. Denies the allegations of paragraph 42 of the complaint.

43. Repeats and realleges the answers to 1 through 42 as if fully set forth herein.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the complaint.

45. Denies the allegations in paragraph 45 of the complaint.

46. Denies the allegations in paragraph 46 of the complaint.

47. Repeats and realleges the answers to 1 through 46 as if fully set forth herein.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the complaint.

49. Denies the allegations in paragraph 49 of the complaint.

50. Denies the allegations in paragraph 50 of the complaint.

51. Denies the allegations in paragraph 51 of the complaint.

52. Repeats and realleges the answers to 1 through 51 as if fully set forth herein.

53. Denies the allegations in paragraph 53 of the complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the complaint.

55. Denies the allegations of paragraph 55 of the complaint.

56. Denies the allegations of paragraph 56 of the complaint.

57. Denies the allegations of paragraph 57 of the complaint.

58. Repeats and realleges the answers to 1 through 57 as if fully set forth herein.

59. Denies the allegations of paragraph 59 of the complaint.

60. Denies the allegations of paragraph 60 of the complaint.

61. Denies the allegations of paragraph 61 of the complaint.

62. Denies the allegations of paragraph 62 of the complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the complaint.

64. Repeats and realleges the answers to 1 through 63 as if fully set forth herein.

65. Denies the allegations of paragraph 65 of the complaint.

66. Denies the allegations of paragraph 66 of the complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the complaint.

FIRST AFFIRMATIVE DEFENSE
PLAINTIFF DID NOT CONTRIBUTE SUFFICIENT ORIGINAL MATERIAL TO ALLOW
ITS CONTRIBUTION TO THE WEBSITE TO BE COPYRIGHTED

68. In or about 1995, Defendant Consolo first hired Plaintiff to build a website for her based upon Defendant Consolo's ideas,

concepts and materials to be provided by Consolo.

69. The technical creation of computer code, and the use of programs that would enable the website to exist and be used by Defendant Consolo was left for Plaintiff to do.

70. It was expected that Consolo would own her website and do with it as she wished, for as long as she wished.

71. This began a long business relationship during which plaintiff would host defendant Consolo's website, and from time to time, at Consolo's direction, update and revise the website with materials and content provided by Consolo.

72. Defendant Consolo subsequently hired Plaintiff to revise the website using content, illustrated concepts and materials that Defendant Consolo provided.

73. Storyboards were presented to the Plaintiff for its use in creating the website code to Defendant Consolo's specifications.

74. The content, illustrated concepts and materials were copyrightable by Defendant Consolo despite not being registered.

75. The Plaintiff used its technical knowledge, computer skills and tools, that create computer code to render Defendant Consolo's concepts, content and materials into Defendant Consolo's website publically available on the internet.

76. The Plaintiff did not contribute enough original copyrightable material to the website design to be considered the author of defendant Consolo's website.

## SECOND AFFIRMATIVE DEFENSE
## WORK-FOR-HIRE

77. Defendant Consolo incorporates by reference each and every allegation contained in paragraphs 1 through 76 as if fully set forth herein.

78. Defendant Consolo hired Plaintiff for the sole purpose of technically rendering concepts, content and material provided by defendant Consolo into a website created solely for defendant Consolo's use.

79. The Plaintiff designed the website under the direct control and supervision of Defendant Consolo.

80. Defendant Consolo dictated the overall website design, content and supervised the updates.

81. Defendant Consolo reviewed and supervised the desired changes as the changes were implemented.

82. For the purpose of designing the website, the Plaintiff, an independent contractor, was an employee of Defendant Consolo, hired specifically for creation of Defendant Consolo's vision of her website,

83. The Plaintiff's artistic contribution, if any, was controlled by the necessary content and updates of the website, the purpose of the website, the stylistic requirements of the website and the tools necessary to create the website, all of which were dictated by Defendant Consolo.

84. The purpose for creating any copyrightable computer code by

plaintiff was for defendant Consolo's sole use, in Consolo's sole discretion, for as long a time as Consolo cared to use same.

85. There was no other purpose for the creation of any computer code by plaintiff

### THIRD AFFIRMATIVE DEFENSE
### THE PLAINTIFF AND THE DEFENDANT
### MAY BE CO-AUTHORS OF THE WEBSITE

86. Defendant Consolo incorporates by reference each and every allegation contained in paragraphs 1 through 85 as if fully set forth herein.

87. The Plaintiff may have contributed some original content.

88. If the Plaintiff contributed any original content, it was intended by both plaintiff and defendant Consolo to be merged with original content brought to plaintff by Defendant Consolo into the final design.

89. To the extent that both the Plaintiff and Defendant Consolo contributed original material to the website, the Plaintiff and Defendant Consolo are joint authors.

90. Neither joint owner can be held liable for copyright infringement to the other owner.

91. There is no copyright infringement by any Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### CONSTRUCTIVE OR IMPLIED LICENSE

92. Defendant Consolo incorporates by reference each and every

allegation contained in paragraphs 1 through 91 as if fully set forth herein.

93. Prior to this action, Defendant Consolo and Plaintiff had a long standing business relationship based upon the needs of Defendant to have a continuously accessible website.

94. Any efforts by Plaintiff was with full knowledge and familiarity of Defendant Consolo's specific intentions, needs and plans for her website.

95. The Plaintiff provided services, received significant payments from Consolo, and hosted the website with the specific intent that Defendant Consolo use the website and that it be made available to the public continuously for the benefit of Defendant Consolo.

96. If the Plaintiff has contributed any copyrightable material to Defendant Consolo's website, it has been with the purpose of continuous use on the Internet to be viewed by the public at will.

97. For the duration of defendant Consolo's website, the Plaintiff had granted Defendant Consolo an implied or constructive irrevocable non-exclusive license to use all copyrightable material contributed, if any, by the Plaintiff to Consolo's website.

### FIFTH AFFIRMATIVE DEFENSE
### UCC & STATUTE OF FRAUDS

98. Defendant Consolo incorporates by reference each and every allegation contained in paragraphs 1 through 97 as if fully set forth

herein.

99. There was no written agreement between the parties providing for the cost of services, or charges that could be sought by the Plaintiff from the Defendants.

100 The amounts sought by the Plaintiff hereunder or any means to calculate such amounts are not memorialized in any manner.

101. Plaintiff rendered additional services and would render reasonable invoices for such services. Consolo would then facilitate payment to Plaintiff for such services.

102. The agreement alleged to have been breached is one for goods and services well over five hundred ($500) dollars.

103. The Plaintiff has no contract by which the amount sought in the complaint may be calculated and determined.

STATEMENT OF FACTS COMMON TO ALL COUNTERCLAIMS

104. Defendant Consolo incorporates by reference each and every allegation contained in paragraphs 1 through 103 as if fully set forth herein.

105. Defendant Faith Hope Consolo is a New York Real Estate broker and consultant with over twenty (20) years of experience invested in her name and business.

106. Defendant Consolo has built her reputation by bringing many prominent retailers to New York, enhancing neighboring stores and the retail landscape, negotiating multi-million deals,

consulting, lecturing, teaching, authoring her own report and regularly contributing to over twenty (20) journals, magazines, newspapers and informational and news programs.

107. Defendant Consolo does business primarily in New York City, but her reach into retail brokerage is national and international in scope.

108. Defendant Consolo prides herself on helping both retailers and landlords to maximize their profits.

109. Between 1995 and 2007 Defendant Consolo had a continuous business relationship with the Plaintiff.

110. Plaintiff knew very well the defendant Consolo's full intent for her use of her website from initiation through the present time.

111. The Plaintiff had created the computer code for Defendant Consolo's original website to Consolo's specifications.

112. Plaintiff subsequently revised the website once and was revising it a second time at the direction of Defendant Consolo.

113. The Plaintiff had continuously hosted the website at Defendant Consolo's urging and updated it as necessary.

114. The Plaintiff submitted reasonable billing statements and Defendant Consolo paid those billing statements,

115. In or about December 2006, after a lapse of 21 months, the Plaintiff submitted numerous invoices totaling approximately seventy thousand eight hundred and twenty three ($70,823.00) dollars.

116. The amount sought by Plaintiff was unreasonable,

-11-

extraordinary and unexpected, and not agreed to by Defendant Consolo.

117. The Plaintiff subsequently stopped updating the website on a consistent basis as was required by Defendant Consolo's business.

118. Defendant Consolo had previously paid ten thousand eight hundred nine ($10,809.10) dollars and ten cents for the previous billing statement for the purpose of revising the website a second time.

119. Defendant Consolo's website, www.faith-consolo.com, is essentially an online brochure of available properties that can be accessed from other computers world wide.

120. Defendant Consolo depends on her website to host her Faith Report, a retail leasing and sales exposé, and remain visible online.

121. Defendant Consolo promotes her clients and their properties, presents available properties world wide and uses the website for other essential marketing and promotional purposes.

122. In this day and age, it is expected and essential that a retail broker and consultant of Faith Hope Consolo's magnitude maintain an updated, relevant and sophisticated website.

123. It is also expected that this website remain current regarding all aspects of Defendant Consolo, her clients, and her represented properties.

124. The Plaintiff, without any right by contract or otherwise, removed the public's access to Defendant Consolo's website for two weeks.

125. The Plaintiff's removal of Defendant Consolo's website

from the Internet severely damaged Defendant Consolo as Defendant Consolo's website was offline and unavailable during the International Conference of Shopping Centers, a crucial convention to the commercial real estate industry.

126. It was intended by Plaintiff that without a then current, sophisticated and relevant website, Defendant Consolo lacked an online presence and could not fairly compete in the competitive retail lease market at that convention.

127. Retailers and landlords expect to view available properties on Defendant Consolo's website and expect results from Defendant Consolo.

128. Defendant Consolo has contractual obligations to clients to post their properties on her website.

129. Defendant Consolo's clients complained that her website was not current. Unnecessary inquiries resulted from her inaccurate website and property listings and interfered with the operation of their business.

130. Because the Plaintiff did not keep the website current as requested, Defendant Consolo breached her contractual obligations to her clients

131. Defendant Consolo's reputation with her clients and potential clients has been damaged.

132. Defendant Consolo has been irreparably harmed by the Plaintiff's acts.

133. Between April 2006 through March 2007, Defendant Consolo's

website received 1,672,885 hits, an average of 4621 hits in a single day.

134. Those 1,672,885 hits turn into approximately forty (40) to fifty (50) transactions in a year, about a transaction every ten (10) days.

135. For each hit that turns into a sale, Defendant Consolo and her team can expect to easily earn a minimum one hundred thousand ($100,000.00) dollar commission.

136. Without the website and the hits and transactions resulting from those hits, Defendant Consolo loses approximately $100,000 every ten days.

## FIRST COUNTERCLAIM
### DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP

137. Defendant Consolo incorporates by reference each and every allegation contained in paragraphs 1 through 136 as if fully set forth herein.

138. This Cause of action arises under the copyright laws of the United States 17 U.S.C. Sec 101 *et seq.*)

138. The materials and content Defendant Consolo gave to the Plaintiff to create and update the website are copyrightable.

139. The Plaintiff, using the Defendant Consolo's copyrightable materials, concepts and content, created computer code to update and revise Consolo's website.

140. The Plaintiff did not contribute original copyrightable

-14-

material to the website.

141, The Plaintiff did not contribute enough originality to the website for the Plaintiff's contribution to warrant copyright protection.

142. Any copyrightable material created by Plaintiff was derived from the materials provided to Plaintiff by Defendant Consolo.

143. With knowledge of Consolo's ownership, and without the authority of Consolo, Plaintiff applied for and received a copyright registration, TX 6-564-604 in its own name as claimant.

144. Plaintiff misrepresented facts to the Copyright Office in order to obtain registration in its own name as claimant.

145. Wherefore, Defendant Consolo requests a declaratory judgment that she is the owner of all copyrightable material on the website and that copyright registration, TX 6-564-604 be invalidated.

SECOND COUNTERCLAIM
INTERFERENCE WITH THIRD PARTY CONTRACTUAL OBLIGATIONS

146. Defendant Consolo incorporates by reference each and every allegation contained in paragraphs 1 through 145 as if fully set forth herein.

147. This cause of action arises under the common law of the state of New York. The Court has jurisdiction because this cause arises under the same operative set of facts pled by plaintiff in the complaint and pled by defendant Consolo in the Affirmative Defenses

and Counterclaims.

148. Defendant Consolo has contractual obligations to list properties on her website when available and to remove those listings when those properties are no longer available.

149. Defendant Consolo is obligated, and her reputation depends on it, to keep a current website.

150. Plaintiff knew of Defendant Consolo's contractual obligations to other parties, and in purposely failing to update the website when requested, the Plaintiff caused Defendant Consolo to breach her contractual obligations.

151. Defendant Consolo has suffered damages in an amount in excess of one million dollars, the exact amount to be determined upon trial of this action.

### THIRD COUNTERCLAIM
### BREACH OF LICENSE

152. Defendant Consolo incorporates by reference each and every allegation contained in paragraphs 1 through 151 as if fully set forth herein.

153. This cause of action arises under the common law of the state of New York. The Court has jurisdiction because the cause arises under the same operative set of facts pled by plaintiff in the complaint and pled by defendant Consolo in the Affirmative Defenses and Counterclaims.

154. The Plaintiff, in order to seek monies it was not entitled to, and as a means of punishing Defendant Consolo, interfered with and blocked access to Defendant Consolo's website so that the website could not be updated.

155. The Plaintiff also took the website off the Internet so that it was not available to Defendant Consolo or any of her clients or potential clients.

156. When the website is not online, it cannot receive hits or generate leads that ultimately result in sales.

157. Because the Plaintiff removed Defendant Consolo's website from the internet, Defendant Consolo was compelled to have her website removed to a new host.

158. Consequently, the Plaintiff's misconduct caused Defendant Consolo to loose sales and profits.

159. Therefore, Defendant Consolo has suffered damages in an amount in excess of one hundred thousand dollars, the exact amount to be determined upon trial of this action.

## FOURTH COUNTERCLAIM
## TORTIOUS INTERFERENCE

160. Defendant Consolo incorporates by reference each and every allegation contained in paragraphs 1 through 159 as if fully set forth herein.

161. This cause of action arises under the common law of the state of New York. The Court has jurisdiction because the cause

arises under the same operative set of facts pled by plaintiff in the complaint and pled by defendant Consolo in the Affirmative Defenses and Counterclaims.

162. The Plaintiff knew that the continuity of the website was essential to bringing in new business contacts to Defendant Consolo.

163. The Plaintiff failed to update Defendant Consolo's website so that it was no longer current and accurate.

164. The Plaintiff improperly removed Defendant's Consolo's website from the Internet for two weeks.

165. The Plaintiffs improper removal of the website occurred during a crucial real estate industry convention.

166. Defendant Consolo's loss of her website during the convention caused irreparable harm to her reputation and business.

167. The Plaintiff's misconduct was intended to cause Defendant Consolo's clients and potential clients to question her ability as a real estate broker and businesswoman.

168. The Plaintiff's misconduct was intended to punish and did cause Defendant Consolo to lose business.

169. Defendant Consolo has suffered damages in an amount in excess of one million dollars, the exact amount to be determined upon trial of this action.

WHEREFORE, judgment should be entered for Defendant CONSOLO as follows:

(i) dismissing the Plaintiff's causes of action with prejudice;

(ii) for the first counterclaim, declaring that Defendant

Consolo is the sole author and copyright claimant of the copyrightable elements of the website, and

 (iii) declaring the Plaintiff's copyright registration, registration no. TX 6-564-604 to be invalid;

 (iv) for the second counterclaim, a judgment against the Plaintiff for one million dollars or an exact amount to be determined at trial;

 (v) for the third counterclaim, a judgment against the Plaintiff for one million dollars or an exact amount to be determined at trial;

 (vi) for the fourth counterclaim, a judgment against the Plaintiff for one million dollars or an exact amount to be determined at trial;

 (vii) judgment against the Plaintiff for willful misconduct;

 (vii) judgment awarding costs and attorneys fees for filing

a frivolous claim without merit; and

    (ix) judgment awarding any and all additional and further relief that this Court deems appropriate.

Dated: New York, New York
      August 31, 2007

                              JACOBSON & COLFIN, P.C.

                    By:    /JEFFREY E. JACOBSON/
                         Jeffrey E. Jacobson (JEJ 1199)
                         Bruce E. Colfin (BEC 5815)
                         Jacobson & Colfin, P.C.
                         Attorneys for Defendant
                            FAITH HOPE CONSOLO
                         60 Madison Avenue, #1026
                         New York, New York 10010
                         (212) 691-5630

To: Paul W. Garrity
Matthew D. Marcotte
Attorneys for Plaintiff
Webb Communications, Inc.
101 Park Avenue
New York, NY 10178
212-808-7800

cli/lit/consolo answer