Michael S. Cole (MSC 0636)
Cascone, Cole & Collyer
711 Third Avenue – 15th Floor
New York, NY  10017
Tel:  (212) 599-4747
Attorneys for Defendant
    Douglas Elliman Realty LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WEBB COMMUNICATIONS, INC.,

            Plaintiff,

-*against*-

FAITH HOPE CONSOLO and DOUGLAS ELLIMAN REALTY LLC, D/B/A PRUDENTIAL DOUGLAS ELLIMAN,

            Defendants.

**ANSWER WITH CROSS CLAIM**

Case No. 07-Civ-6701 (PKC)

---

The defendant Douglas Elliman Realty LLC (hereinafter "Douglas Elliman") by its attorneys Cascone Cole & Collyer as an for its Answer to the Complaint of the Plaintiff respectfully alleges as follows:

1.      Admits Paragraph 12 of the Complaint.

2.      With regard to Paragraph 13 of the Complaint, admit that the copyright registration statement annexed to the complaint may be a true and accurate copy of the filed document, but deny that the statement is a proper copyright of the described work.

3.       With regard to Paragraph 18 of the Complaint, admit that payments may have been made by defendant Douglas Elliman in 2004 through 2006, but they were at all times at the instance and request of the defendant Faith Consolo: The defendant Consolo is an independent contractor, real estate sales agent who operates independently from the defendant real estate brokerage company Douglas Elliman.  The defendant Consolo under her written sales agent contract with defendant Douglas Elliman, bears the cost and obligation of all her own business expenses, including all license and other fees. Defendant Consolo hired the plaintiff solely and directly, prior to the time she became engaged by defendant Douglas Elliman as an independent contractor.

4.       With regard to Paragraph 20 of the Complaint, admit that invoices were sent by the plaintiff, but deny that the sum demanded was either reasonable or due and owing.

5.       With regard to Paragraph 41 of the Complaint, admit that the Website has value, but deny that this value has been misappropriated by the defendant Douglas Elliman.

6.       With regard to Paragraph 45 of the Complaint, admit that payment has been demanded by the plaintiff but deny that the demand reflected a reasonable value for the work actually performed or lawfully due from defendant Douglas Elliman, and further deny that no objection to the demand was stated.

7. With regard to Paragraph 54 of the Complaint, admit upon information and belief that services may have been accepted from plaintiff by defendant Consolo, but deny that any monies are due and owing from the defendant Douglas Elliman.

8. Denies paragraphs 2, 4-6, 11, 15, 19, 25-40, 42-53, 55-67 of the Complaint.

9. With regard to paragraph 10 of the Complaint, deny the invoices reflect actual value of the services rendered or that such invoices establish any rights to the copyright alleged in this action.

10. Denies that plaintiff had ownership rights over the subject Website with regard to paragraphs 16 and 17 of the Complaint.

11. Denies knowledge and information sufficient to form a belief with respect to paragraphs 1, 3, 7-9, 21, 24, 48 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:
PLAINTIFF DID NOT CONTRIBUTE THE MAJORITY OF ORIGINAL
MATERIAL SUBJECT OF THE COPYRIGHT CLAIM**

12. Paragraph 3 hereof is re-alleged and incorporated herein.

13.    At no time did any Douglas Elliman employee alter, tamper with, or unlawfully copy the Faith-Consolo website subject of this action.

14.    In accord with the Consolo Answer Paragraphs 68 through 76 wherein defendant Consolo alleges first that she hired plaintiff beginning in 1995 with regard to creation of the subject Website faith-consolo.com, before becoming engaged as an independent contractor with defendant Douglas Elliman.  Defendant Consolo further then alleges she ultimately provided the original design of the subject Website to plaintiff, that plaintiff did not contribute a sufficient amount of original material to be considered the author of the Website subject of the copyright claim.  If this is proven to be true: no claim is stated against defendant Douglas Elliman for copyright infringement.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**
**WORK FOR HIRE DOCTRINE PRECLUDES THE COPYRIGHT CLAIM**

15.    Paragraphs 3 and 13-14 hereof above are re-alleged and incorporated herein.

16.    Defendant Consolo alleges in her Answer at Paragraphs 77 through 85, that plaintiff was for purposes of the website design an *employee* of defendant Consolo, hired to render *Consolo's own vision* of her website.  Defendant Consolo alleging

specifically in her Answer at the aforementioned paragraphs, that plaintiff was further provided the stylistic content and necessary creative tools by defendant Consolo: If this is proven to be true, the *work for hire* doctrine applies by law precluding the plaintiff's copyright claim against the defendant Douglas Elliman.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE: CO-AUTHORSHIP OF THE WEBSITE

17. Paragraphs 3 and 13-14 hereof are re-alleged and incorporated herein.

18. The defendant Consolo having hired the plaintiff directly, at all times, either defendant Consolo, or those directly employed by her, substantively communicated and dealt with plaintiff regarding the Website subject of this action.

19. Defendant Consolo further alleges alternatively in her Answer at Paragraphs 86 through 91 that the plaintiff and defendant Consolo were "co-authors" of the Website: if this is proven to be true no claim is asserted against the defendant Douglas Elliman for copyright infringement.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**
**IMPLIED LICENSE TO DEFENDANT CONSOLO**

20. Paragraphs 3 and 13-14 hereof above are re-alleged and incorporated herein.

21. In accord with the Consolo Answer Paragraphs 92 through 97, defendant Consolo alleges plaintiff granted an implied license to defendant Consolo with regard to the subject Website: if this is proven to be true no claim is asserted against the defendant Douglas Elliman for copyright infringement.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**
**THERE IS NO PRIVITY OF CONTRACT BETWEEN PLAINTIFF**
**AND DEFENDANT DOUGLAS ELLIMAN**

22. Paragraphs 3 and 13-14, 18 hereof above are re-alleged and incorporated herein.

23. The plaintiff was at no time in contractual privity with defendant Douglas Elliman and therefore plaintiff states no claim against Douglas Elliman under contract or account stated.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**
**FAILURE TO STATE A CLAIM UPON WHICH**
**RELIEF MAY BE GRANTED**

24.     The complaint fails to state a claim upon which relief may be granted in that none of the claims alleged in the complaint lie against the defendant Douglas Elliman.

**AS AND FOR A FIRST CROSS CLAIM**
**AGAINST THE DEFENDANT CONSOLO:**
**CONTRACTUAL INDEMNIFICATION**

25.     Paragraphs 3 and 13-14, 18 hereof are re-alleged and incorporated herein.

26.     Where defendant Consolo may be shown liable for negligence or willful misconduct or acting outside the scope of her sales agent agreement with the defendant Douglas Elliman with regard to the plaintiff's claims, where it shall also result in liability to defendant Douglas Elliman, then in such event, defendant Consolo is liable to the defendant Douglas Elliman pursuant to her sales agent agreement with Douglas Elliman for indemnification.

WHEREFORE, the defendant Douglas Elliman demands judgment dismissing the complaint, and on the cross claim that in the event defendant Consolo may be shown liable for negligence or willful misconduct or acting outside the scope of her sales agent agreement with the defendant Douglas Elliman with regard to the plaintiff's claims, and where it shall also result in liability to defendant Douglas Elliman, then in such event, defendant Douglas Elliman requests a judgment of indemnification over and against the defendant Faith Hope Consolo.

Dated: September 17, 2007
      New York, New York

                                              CASCONE, COLE & COLLYER

                                              By: Michael S. Cole
                                              711 Third Avenue –15th Floor
                                              New York, NY 10017
                                              Tel: (212) 599-4747

                                              Attorneys for Defendant Douglas
                                                    Elliman Realty LLC